**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**Domenica A. Hall,**

        **Plaintiff,**

**v.**                                                                   **Case No.  3:03-cv-207**
                                                                           **Judge Thomas M. Rose**

**Secretary, Department of the Air Force,**

        **Defendant.**

---

**ENTRY AND ORDER ADOPTING REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE,** (DOC. 80), **DENYING MOTION TO STRIKE,** (DOC. 85)**, AND DISMISSING PLAINTIFFS' COMPLAINT WITH PREJUDICE**

---

This matter is before the Court on Plaintiff's Corrected Objection to a Report and Recommendation to dismiss the instant action.  Doc. 83.  The case stems from allegations that Plaintiff Domenica A. Hall's December 6, 2000 acceptance of an offer of early retirement was motivated by the stress of working in a pervasively sexually harassing environment.  This environment is alleged to consist of a 1994 incident wherein Richard L. Hanson stared at Hall's pelvis while waiting at a copying machine; an incident in October or November 1995 when Hanson approached Hall and began talking very softly to her, which culminated in Hanson eventually walking away; a 1996 incident when Hanson chastised Hall in a raised voice about leaving work early and possibly extended lunch hours; and a 1996 incident wherein Hanson suggested that he and Hall had jointly provided a chili dish to an office chili cook-off.  The final

allegations of 1996 concern Hall's failed attempts to get promoted to a GS-7 position or have her GS-6 position reclassified as a GS-7 position. While Hall was applying for the promotion, Hanson refused to sign off on an OF-612 form documenting her abilities that Hall had requested he sign.

There were two more alleged incidents in 1997: a May day wherein Hanson "just kept staring" at Hall during an office golf outing and again when they had returned to the office; and another 1997 day when Hanson stood and leered at Hall's breasts. One co-worker has affied that in the 1995-96 time frame, he saw Hanson leer at Hall's breasts eight to ten times.

Hall filed an action asserting five claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*: sexual harassment, sexual discrimination, hostile work environment, obstruction of investigation reprisal, and constructive discharge. Doc. 26. The matter was referred to United States Magistrate Judge Sharon L. Ovington. Defendant moved for summary judgment, doc. 76, which the Magistrate Judge has recommended granting. Doc. 80. Plaintiff has objected to the recommendation. Doc. 83. Defendant has responded, doc. 84, to which Plaintiff has responded with a reply, doc. 85, that requests the Court to strike Defendant's quotation of *Hopson v. Daimler Chrysler*, 306 F.3d 427 (6th Cir. 2002). The Court has reviewed the entire *Hopson* decision, and therefore alleviated any harm caused to any degree that Defendant's quotation was misleading. Therefore, Plaintiff's motion to strike will be denied.

Hall's objection to the Report and Recommendation relies upon several affidavits that assert that Hall was subjected to a hostile work environment. They also add allegations that Hanson referred to Hall in conversation with others as a "trouble maker" and a "bitch." The existence of a "hostile work environment," however, is an ultimate legal conclusion that must be

supported by evidence.  Hall has not marshaled evidence that would allow a reasonable trier of fact to conclude that she was enduring a hostile work environment.  While none of the alleged incidents are laudable, Title VII was not meant to create a "general civility code," and the "sporadic use of abusive language, gender-related jokes, and occasional teasing" are not sufficient to establish liability.  *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 118 S. Ct. 2275 (1998).

The Court has made a *de novo* review of the record in the case as required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b).  Upon said review, the Court finds that Plaintiff's objections, doc. 83, to the Magistrate Judge's Report and Recommendations, doc. 80, are not well taken.  Wherefore, Plaintiff's objections to the Magistrate Judge's Report and Recommendations, doc. 82, are **OVERRULED**.  Accordingly, the Magistrate Judge's Report and Recommendation, doc. 80, is **ADOPTED** in its entirety.  Defendant's motion for summary judgment, doc. 76, is **GRANTED**.  Plaintiff's motion to strike, doc. 85, is **DENIED**.  Judgment is to be entered in favor of Defendant Secretary, Department of the Air Force, and against Plaintiff Domenica A. Hall.  The Amended Complaint, doc. 26, is **DISMISSED** with prejudice.

The captioned cause is hereby ordered **TERMINATED** upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, August 17, 2005.

/s/ Thomas M. Rose

―――――――――――――――――――――
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE